**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2996-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KENNETH D. THOMAS, a/k/a
CHRISTOPH D. THOMAS,

    Defendant-Appellant.

_____

> Submitted December 2, 2024 – Decided January 21, 2025
>
> Before Judges Berdote Byrne and Jacobs.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 20-12-0511.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).
>
> Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Stephen C. Sayer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kenneth Thomas appeals the trial court's denial of his application for post-conviction relief ("PCR") and for an evidentiary hearing on the basis that he did not present a prima facie claim of ineffective assistance of counsel. We affirm substantially for the reasons set forth in the well-reasoned, fifteen-page written opinion of the Honorable William F. Ziegler. We add the following comments.

Between August and September 2020, the Cumberland County Prosecutor's Office received information from two separate confidential informants stating defendant was transporting and selling guns and drugs throughout Cumberland County. This information was corroborated by defendant's bluster in the form of live social media posts on Facebook as he travelled to Georgia and Texas to traffic the weapons. Based upon this information, the police obtained a search warrant of defendant's vehicle on September 15, 2020. Upon his return to New Jersey the next day, police executed the warrant and found firearms and ammunition. Defendant was charged with thirty distinct weapons offenses. He faced a maximum exposure of thirty-three years of incarceration.

On March 10, 2021, defendant pleaded guilty to five counts of the indictment. The other twenty-five counts were dismissed. He received a

sentence in accordance with the plea deal of eight years imprisonment subject to the No Early Release Act ("NERA"),[1] with five years of parole ineligibility. This appeal followed.

We review a PCR court's legal conclusions de novo, and where, as here, the judge declines to hold an evidentiary hearing, we may "conduct a de novo review of both the factual findings and legal conclusions" of the PCR judge. State v. Harris, 181 N.J. 391, 419, 421 (2004) (italicization omitted). In a petition for PCR asserting ineffective assistance of counsel, we are guided by the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), and State v. Fritz, 105 N.J. 42 (1987), which adopted the Strickland standard in New Jersey. PCR courts should grant an evidentiary hearing only where a defendant has established a prima facie case of ineffective assistance of counsel pursuant to Strickland. See R. 3:22-10(b).

A defendant will be entitled to post-conviction relief for ineffective assistance of counsel if he shows, by a preponderance of the evidence: (1) "[defendant's] counsel's performance was deficient," and (2) this "deficient performance prejudiced the defense." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). See also State v. Echols, 199 N.J. 344, 357-58 (2009).

---

[1] N.J.S.A. 2C:43-7.2.

When the matter involves a guilty plea, the second prong of Fritz requires a defendant establish "a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). Moreover, the defendant must show "that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

Defendant claims ineffective assistance of counsel because he claims his attorney exaggerated in telling him his maximum exposure was eighty years rather than thirty years; in failing to file a motion to suppress the search warrant on the basis that it was anticipatory; and in failing to communicate effectively with him. We reject these arguments as they are belied by the record.

First, defendant's petition rests on bald and unavailing assertions. Challenging the search warrant would have been unsuccessful as the police had information from two informants and defendant's own live posts on social media describing how he was "moving" the weapons. The plea form clearly and accurately set forth defendant's exposure and the transcript of the plea

proceeding, where defendant explicitly acknowledged his exposure, stated he understood the terms of the plea and he was satisfied with his attorney's services.

Second, even if trial counsel's performance had been deficient in some regard, defendant fails to demonstrate there is a reasonable probability he would have rejected the offered plea pursuant to the second prong of Fritz. See State v. O'Donnell, 435 N.J. Super. 351, 369-70 (App. Div. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Trial counsel negotiated a plea agreement which presented defendant with less than a third of the exposure he would have faced at trial, and no rational person would have rejected the plea deal based upon the evidence presented. See Strickland, 466 U.S. at 690-91. Defendant failed to demonstrate he is entitled to post conviction relief pursuant to either prong of Fritz.

Third, defendant was sentenced in accordance with the terms of the plea. "While the sentence imposed must be a lawful one, the court's decision to impose a sentence in accordance with the plea agreement should be given great respect, since a 'presumption of reasonableness . . . attaches to criminal sentences imposed on plea bargain defendants.'" State v. S.C., 289 N.J. Super. 61, 71 (App. Div. 1996) (quoting State v. Sainz, 107 N.J. 283, 294 (1987)).

5

Lastly, even after viewing defendant's application in the most favorable light as State v. Preciose, 129 N.J. 451, 462-63 (1992) requires, his bare allegations in his certification are belied by the transcript of the plea hearing and do not constitute a showing sufficient to require an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2996-22